# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>HECTOR MANUEL GONZALES,<br><br>  Defendant. | Case No.: 1:15-cr-00319 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND FEDERAL RULE OF CRIMINAL PROCEDURE 36<br><br>(Doc. 325) |

Hector Manuel Gonzales is a federal prisoner requesting that the Court recalculate his criminal history score as indicated in his Presentence Investigation Report under the current U.S. Sentencing Guidelines. (Doc. 325.) Although Defendant's motion is brought pursuant to Federal Rule of Criminal Procedure 36, 18 U.S.C. § 3582(c)(2), and the "status points" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"), Defendant clarifies that he is not seeking a sentence reduction. (*Id.* at 2.) The Government opposes the motion, contending that the only relief the Court has authority to grant is a reduction in sentence, which it cannot do because application of the amended status points provision does not reduce Defendant's guideline range. (*See* Doc. 336.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

On March 11, 2019, pursuant to a written plea agreement, Defendant pled guilty to conspiracy to distribute controlled substances. (Docs. 125, 172.) The presentence investigation report ("PSR") found that the controlled substances—marijuana, methamphetamine, cocaine, and heroin—seized and

1

attributed to Defendant totaled 542,392.66 kilograms, resulting in a base offense level of 38. (PSR, Doc. 148 ¶¶ 31-33.) The PSR recommended a two-level enhancement pursuant to U.S.S.G. § 2D1.1 based on the recovery of multiple firearms in connection with the investigation of the case and a two-level increase pursuant to U.S.S.G. § 3C1.2 based on the substantial risk of death or serious bodily injury to another person created by Defendant while fleeing from a law enforcement officer. (PSR at ¶¶ 34-36, 39.) The PSR also recommended a three-level decrease pursuant to U.S.S.G. § 3E1.1 for Defendant's acceptance of responsibility and assistance to authorities. This resulted in a recommended total offense level of 39. (PSR ¶¶ 42-44.)

Defendant's criminal history computation resulted in a criminal history score of 17, which included 15 criminal history points and 2 status points under the prior version of U.S.S.G. § 4A1.1(d). (PSR ¶¶ 46-62.) This placed him in criminal history category VI. (PSR ¶ 63.) The resulting sentencing guidelines range based on Defendant's offense level and criminal history category was 360 months to life. (PSR ¶ 96.) The Court adopted the findings in the PSR but determined that the two-level enhancement pursuant U.S.S.G. § 2D1.1 did not apply, resulting in a total offense level of 37. (Statement of Reasons, Doc. 340 at 1.) This adjustment did not lower Defendant's criminal history category of VI or affect his sentencing guidelines range. (*See id.*) The Court also applied a downward variance after considering the sentencing factors set forth at 18 U.S.C. § 3553 and imposed a below-guideline sentence of 240 months in custody. (Doc. 340 at 3; Doc. 172 at 2.)

Part A of Amendment 821 to the U.S. Sentencing Guidelines reduces the number of "status points" assigned to certain defendants who committed their offense while under a criminal justice sentence, thereby lowering the impact on the defendant's criminal history. *See* U.S.S.G. § 4A1.1. Under the amended status points provision, Defendant would have received 1 status point rather than 2, which would reduce his criminal history score to 16. A criminal history score of 16 would place Defendant in the same criminal history category (VI) and result in the same sentencing guidelines range (360 months to life) as when he was sentenced. Because Amendment 821 does not impact Defendant's sentencing guideline range, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Rather than seek a sentence reduction, Defendant requests a declaration that his criminal

history score would be lower under Amendment 821. (*See* Doc. 325.) He contends that this recalculation may affect his classification with the Bureau of Prisons, as a higher criminal history score may subject him to "a harsher level of security and further prevent[] consideration for minimum security classification." (*Id.* at 3.) He argues that the Court has jurisdiction to afford the relief he seeks pursuant to Federal Rule of Criminal Procedure 36. The Court disagrees.

Rule 36 provides that the Court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. However, in addition to being a matter committed to the BOP, Defendant's concern does not implicate Rule 36. For example, Defendant does not suggest that his criminal history score was calculated in error at the time of sentencing, let alone that the judgment entered against him contained a clerical error appropriately remedied under Rule 36. Moreover, Defendant cites no authority for the proposition that Rule 36 is the proper vehicle to seek recalculation of his criminal history score solely based on Amendment 821, particularly considering that Defendant does not seek—and is in any event ineligible—for compassionate release. With no error to correct, the Court lacks jurisdiction under Rule 36 to afford the relief Defendant seeks.

Based upon the foregoing, Defendant's motion (Doc. 325) is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 10, 2025**

UNITED STATES DISTRICT JUDGE