**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HECTOR MANUEL GONZALEZ,<br>Defendant. | Case No. 1:15-cr-00319 JLT SAB<br>ORDER DENYING MOTION FOR SENTENCING REDUCTION<br>(Doc. 343) |

Hector Manuel Gonzalez moves for a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 343.) The Office of the Federal Defender filed a supplemental brief in support of his motion (Doc. 356), and the government opposes it (Doc. 363). The court found oral arguments were not necessary.

Gonzalez argues that "unusually long sentences can form the basis for a finding of extraordinary and compelling circumstances," and thus in turn can warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 356 at 2.) He relies on a policy statement in section 1B1.13(b)(6) of the Sentencing Guidelines. (*See id.*) In that statement, the Sentencing Commission wrote that if a defendant "received an unusually long sentence" and has served at least ten years of that prison term, then the court may consider "a change in the law" in deciding "whether the defendant presents an extraordinary and compelling reasons" for a sentencing reduction, even if the change was not retroactive. U.S.S.G. § 1B1.13(b)(6). Gonzalez contends

"changes in sentencing law" related to "the standard for a 'serious drug felony' that is required to trigger [a] mandatory minimum sentencing range" would have led to a shorter sentence in his case. (Doc. 356 at 7; *see also id.* at 1 ("Under current sentencing law, Mr. Gonzalez most likely would not have received the sentence he received, 240 months.").)

After Gonzalez filed his motion and supplement, the United States Supreme Court held that the policy statement in 1B1.13(b)(6) conflicts with 18 U.S.C. § 3582(c)(1)(A) and Congress's decision not to make a particular sentencing amendment retroactive. *See Rutherford v. United States*, 146 S.Ct. 1320, 1334–35 (2026). A "nonretroactive change" in the relevant law, whether "considered by itself or in combination with other factors[,] cannot make a prisoner eligible for compassionate release." *Id.* at 1335. Gonzalez therefore cannot show his circumstances are "extraordinary" or "compelling" by citing a nonretroactive, intervening change in federal sentencing law.

Gonzalez also argues that he "has worked to change during his time in prison and has become a productive person who is not controlled by his past addictions and criminality." (Doc. 356 at 6.) This Court cannot grant Gonzalez's request for a sentencing reduction under § 3582(c)(1)(A) based on his rehabilitation alone. *See* 28 U.S.C. § 994(t).

Gonzales has not demonstrated that "extraordinary and compelling reasons warrant . . . a reduction" in his sentence, so it is not necessary to consider the sentencing factors in 18 U.S.C. 3553(a). The motion for a reduction in sentence (Doc. 343) is **DENIED**.

IT IS SO ORDERED.

Dated: _August 17, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE